**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANDREW BRADICK,
Plaintiff-Appellant,

v.

GRUMMAN DATA SYSTEMS
CORPORATION,                                         No. 95-2636
Defendant-Appellee,

and

NORTHROP GRUMMAN CORPORATION,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-620)

Argued: September 23, 1996

Decided: June 27, 1997

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Michael Bredehoft, CHARLSON & BREDEHOFT,
P.C., Reston, Virginia, for Appellant. James Joseph Kelley, II, MOR-
GAN, LEWIS & BOCKIUS, L.L.P., Washington, D.C., for Appellee.

**ON BRIEF:** Elaine C. Bredehoft, Linda M. Jackson, CHARLSON & BREDEHOFT, P.C., Reston, Virginia, for Appellant. Nancy R. Kuhn, Fred B. Jacob, MORGAN, LEWIS & BOCKIUS, L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrew Bradick alleges that his former employer, Grumman Data Systems, discharged him in violation of the common law of Virginia. The district court granted judgment on the pleadings to the employer. On Bradick's appeal, we certified the following question of law to the Supreme Court of Virginia:

> Does the common law of Virginia provide a wrongful discharge remedy to an employee of an employer covered by the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., where the employee is discharged on account of his disability or the employer's perception of his disability?

The Supreme Court of Virginia, in its discretion, accepted the certified question, and, on June 6, 1997, the Court answered it in the affirmative. Consequently, we now reverse the judgment of the district court for the reasons given by the Virginia Supreme Court in its opinion. Bradick v. Grumman Data Systems Corp., ___ Va. ___, ___ S.E.2d ___ (1997) (No. 962531). The case is remanded for such further proceedings as may be necessary.

REVERSED AND REMANDED

2